UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONNY CARLOS LIVIA,<br><br>           Plaintiff,<br><br>   v.<br><br>MCCALEB REES; RENE KING; and RICHARD ROATS,<br><br>           Defendants. | Case No. 1:25-cv-00444-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Ronny Carlos Livia's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1.  **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on*

other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

### 2.   Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Institution. The events giving rise to Plaintiff's claims appear to have arisen before Plaintiff was arrested and incarcerated.

Plaintiff alleges that, on July 27, 2022, Defendant Rees, a Lincoln County sheriff's deputy, obtained a fraudulent search warrant for Plaintiff's residence. *Compl.*, Dkt. 3, at 2. Rees seized certain items of Plaintiff's property, at least some of which were not authorized to be seized under the warrant. *Id*. According to the Complaint, Defendant King, the Sheriff of Lincoln County, "authorized" Rees to obtain the warrant. *Id*. at 3. Plaintiff also alleges that Defendant Roats, the county prosecutor, "knowingly defended" the search warrant and "allowed a sheriff's deputy to commit perjury." *Id*. at 4. Roats also allegedly "withheld exculpatory evidence that was contained on the seized devices." *Id*.

Plaintiff asserts his claims under 42 U.S.C. § 1983, the civil rights statute, and asserts that Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures.[1] *Id.* at 1. Plaintiff seeks monetary damages.

**3.    Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

*A.    Standards of Law*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

---

[1] Plaintiff also claims that Defendants violated his right to due process. However, because the Fourth Amendment "provides an explicit textual source of constitutional protection" against the type of government action that Plaintiff alleges, his claims are more appropriately considered under that amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

That is, governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B. The Complaint Does Not State a Plausible Fourth Amendment Claim

The Fourth Amendment, which applies to the States through the Fourteenth Amendment, "provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (quoting U.S. Const., amend. IV). "[T]he application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). This inquiry "normally embraces two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy—whether ... the individual has shown that he seeks to preserve something as private. The second question is whether the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." *Id.* (internal quotation marks, citations, and alterations omitted).

The Fourth Amendment "requires, as a general matter, that police procure a warrant before searching or seizing property." *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011). A "search" occurs when a state actor infringes "an expectation of privacy that society is prepared to consider reasonable." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A "seizure" of property occurs "when there is some meaningful interference with an individual's possessory interests in that property." *Id*.

A misrepresentation in a warrant application constitutes violates the Fourth Amendment if the misrepresentation is material. *See Franks v. Delaware*, 438 U.S. 154, 171–72 (1978). Misrepresentations can be affirmative or based on omission. Affirmative misrepresentations are material only if there is no probable cause absent consideration of the misrepresented facts. *Id.* A misrepresentation based on an omission is material when the omitted facts "cast doubt on the existence of probable cause." *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992) (internal quotation marks omitted). "If a plaintiff is able to demonstrate that a warrant was issued as the result of a material misrepresentation, a police officer defendant may still be entitled to … qualified immunity …, unless the plaintiff can also demonstrate that the police officer deliberately falsified information presented to the magistrate or recklessly disregarded the truth." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 435 (9th Cir. 2010).

Plaintiff's Fourth Amendment claims are implausible. Plaintiff offers no details about the allegedly false statements in the warrant affidavit. If Plaintiff chooses to amend his complaint, he should omit any Fourth Amendment claims unless he can allege facts meeting the above standards.

### C. *Plaintiff's Claims Appear Subject to Dismissal as Untimely*

In addition to failing to state a claim upon which relief may be granted, the Complaint also appears subject to dismissal as untimely. Claims that are time-barred are legally frivolous. *Julian v. Crystal Springs Rehab. Ctr.*, 884 F.2d 1395, n.3 (9th Cir. 1989) (unpublished) ("We agree with the district court that an untimely complaint is frivolous and justifies *sua sponte* dismissal because a complete defense is obvious from the pleadings and the deficiency cannot be cured by amendment.") (citing *Stanger v. city of Santa Cruz,* 653 F.2d 1257, 1257–58 (9th Cir.1986)).

The statute of limitation period for filing a § 1983 action in Idaho is two years. Idaho Code § 5-219; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Though state law governs the limitations period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of

the claim. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id*.

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or paused) for a certain period of time during the deadline period within which he should have filed the lawsuit. State tolling law applies to § 1983 actions unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464-65 (1975). Idaho law allows for statutory tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).

The doctrine of equitable *estoppel*, however, is available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co. v. Chemetics International, Inc.*, 887 P.2d 1039, 1042 (Idaho 1994), *abrogated in part on other grounds by Day as Tr. of Tr. B of Donald M. Day & Marjorie D. Day Fam. Tr. v. Transportation Dep't*, 166 Idaho 293, 301, 458 P.3d 162, 170 (Idaho 2020).

Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id.*

Because Plaintiff's claims arose on July 27, 2022, the Complaint should have been filed no later than July 27, 2024. However, Plaintiff filed the instant action, at the earliest, on August 5, 2025.[2] Therefore, the claims are untimely unless Plaintiff can show that he is entitled to sufficient tolling or equitable estoppel. Plaintiff may attempt to do so in an amended complaint.

---

[2] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions).

### D. *Even If Timely, Plaintiff's Claims May Be Barred by* Heck v. Humphrey

Plaintiff's § 1983 claims might also be subject to dismissal under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, if success on a civil rights claim would necessarily imply the invalidity of the plaintiff's criminal conviction, the plaintiff must first show that the conviction has already been overturned, invalidated, or otherwise called into question. *Id*. at 486–87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus …."). To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted) (quoting *Heck*, 512 U.S. at 487).

The Complaint does not contain sufficient allegations to permit a reasonable inference that Plaintiff's claims are not barred by *Heck*. It appears Plaintiff was

prosecuted as a result of the search and seizure of his property, and he is now incarcerated. Therefore, it appears that he may have been convicted of charges stemming from the allegedly illegal search and seizure. Success on Plaintiff's search-and-seizure claim would therefore appear to imply the invalidity of Plaintiff's conviction.

In any amended complaint, Plaintiff should explain how the allegedly illegal search and seizure is related to his current incarceration.

### E.  *Prosecutorial Immunity*

Plaintiff's claims against Defendant Roats are subject to dismissal for the additional reason that this Defendant seems to be entitled to absolute immunity. prosecutors have absolute immunity for any actions taken in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991).

Absolute prosecutorial immunity extends to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). Prosecutors are not absolutely immune if they conduct their own investigations, if they

fabricate evidence, or if they elicit known false evidence for use in a prosecution. *Id*. at 1011. If a prosecutor is not entitled to absolute immunity, the prosecutor may still be entitled to qualified immunity, which insulates governmental actors from liability for money damages other than "the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks omitted).

Defendant Roats seems to be entitled to absolute immunity, because Roats's actions as described in the Complaint appear to have been taken in the performance of an integral part of the criminal judicial process. *See Imbler*, 424 U.S. at 430. Plaintiff may attempt to remedy this deficiency in an amended complaint.

### 4.     Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of*

*Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that

the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: December 5, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g). *Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. 2025).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 16