UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| RONNY CARLOS LIVIA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MCCALEB REES; RENE KING;<br>and RICHARD ROATS,<br><br>                    Defendants. | Case No. 1:25-cv-00444-BLW<br><br>**SUCCESSIVE REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Ronny Carlos Livia is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Init. Rev. Order*, Dkt. 7.

Plaintiff has now filed an Amended Complaint and Request for Appointed Counsel. Dkt. 8. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

1.      **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl.* at 1. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017)

("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

## 2.    Screening Requirement and Pleading Standard

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than … unadorned, the-defendant-unlawfully-harmed-

me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

### 3.    Discussion

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges that his property was seized "with a deficient warrant" in violation of the Fourth Amendment. *Am. Compl.* at 2. In its Initial Review Order, the Court explained that the complaint failed to state a claim upon which relief could be granted because, although Plaintiff alleged the warrant was obtained through fraud, he did not include any facts about the alleged fraud.[1] Dkt. 7 at 6–8.

For the same reason, the Amended Complaint does not plausibly suggest that Defendants violated Plaintiff's Fourth Amendment rights. Plaintiff alleges only that the warrant was "deficient." *Am. Compl.* at 2. This is precisely the sort of "[t]hreadbare recital[] of the elements of a cause of action, supported by mere

---

[1] The Court also noted that Plaintiff's claims appeared to be subject to dismissal as untimely, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or as barred by prosecutorial immunity. Dkt. 7 at 8–13. The Amended Complaint does not address these issues.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

conclusory statements," that the Court need not accept as true under Rule 8 or §§ 1915 and 1915A. *Iqbal*, 556 U.S. at 678.

Accordingly, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

## 4.    Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

2.    The Amended Complaint fails to state a claim upon which relief may

be granted. Therefore, for the reasons stated in this Order and the

Initial Review Order (Dkt. 7), this entire case is DISMISSED with

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: May 6, 2026

B. Lynn Winmill
U.S. District Court Judge